NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KHALID ELHASSAN, | : | |
| Plaintiff, | : | Civil No. 06-1000 (PGS) |
| v. | : | |
| PORTER GOSS, DIRECTOR OF THE CENTRAL INTELLIGENCE AGENCY, THE CENTRAL INTELLIGENCE AGENCY, AGENT TRAVIS CLOSE, AGENT PATRICK EAGAR, AGENT WANDA MITCHELL, AGENT "ERIC", and JOHN DOE AND JANE DOE 1-10, such names being fictitious, | : | **OPINION** |
| Defendants. | : | |

**SHERIDAN, U.S.D.J.**

Plaintiff, a *pro se* attorney and African American man of Middle Eastern descent, commenced this action against the former Director of Central Intelligence ("Goss"), the Central Intelligence Agency ("CIA"), and various individually named "Agents" (collectively the "defendants"), claiming that he was subject to harassment, hazing and discrimination both while applying for the CIA's Clandestine Services Training ("CST") program and subsequent to declining a conditional offer of employment by the CIA.

I.

On March 3, 2006, the Complaint was filed seeking damages of $133,615.50 in economic losses, plus millions more for pain and suffering as well as injunctive relief and punitive damages. Basically, the Complaint alleges violations of Plaintiff's constitutional rights and various tort claims.

The United States Attorney for the District of New Jersey, on behalf of the CIA and Goss now moves to dismiss the Complaint for lack of jurisdiction and failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff, an attorney licensed to practice law in the State of Virginia and the District of Columbia, commenced this action in the District of New Jersey, seeking damages for alleged constitutional, tort and mandamus claims. Plaintiff's claims are bizarre. At oral argument, the Court asked Plaintiff if he wished to clarify and/or expound upon the facts at issue in the Complaint. Plaintiff declined, stating the Complaint succinctly sets forth the facts.

According to the Complaint, after a series of interviews and examinations, Plaintiff received a conditional offer of employment in the CIA CST program in April of 2002. Subsequent to the offer, but prior to commencing any training, Plaintiff alleges that the CIA undertook a series of subversive and harassing actions to haze and discriminate against him. Specifically, Plaintiff alleges that (a) the CIA manipulated him such that he began a physical relationships with a female CIA "agent" who claimed that his success in the recruitment process was contingent on maintaining a relationship with her; (b) the CIA orchestrated his eviction; (c) the CIA intercepted his mail and e-mail; (d) he was manipulated into unknowingly taking residence in a house with undisclosed CIA operatives; (e) he was arrested on a false weapons brandishing charge in December 2002 which was orchestrated by the CIA; (f) the CIA interfered with correspondence he was sending to potential employers; (g) the CIA impersonated congressional staffers, various attorneys and Seymour Hersh in order to prevent Plaintiff from communicating with these people; (h) a "pretend" case was instituted before Judge Thomas Gallahue in state court in Virginia, in order to harass Plaintiff; (i) the CIA intercepted Plaintiff's correspondence relating to a case he was bringing in federal court; and (j) the CIA seized Plaintiff's laptop computer without a warrant or any probable cause. Plaintiff

also alleges that he was instructed to shoot the President in 2004 on behalf of the CIA and that again there was an attempt to seduce him by a female CIA operative in a recruitment effort in April 2005.

Plaintiff filed a claim pursuant to the Federal Tort Claims Act on or about January 17, 2003 with the CIA's Office of the General Counsel.  Specifically, Plaintiff waged the following tort claims: (1) intentional infliction of emotional distress; (2) interference with business opportunities; (3) invasion of privacy; and (4) fraud.  On May 20, 2003, the CIA Office of General Counsel denied the claims.  As per the letter of denial, Plaintiff had six months from the date of the letter to file a claim in the appropriate federal court.

### III.

Motions for dismissal for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), may be raised at any time.  *See* 2 Moore's Federal Practice § 12.30 [1] (Matthew Bender 3d ed. 2005).  A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See, Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In reviewing a facial attack, the Court must only consider the allegations of the Complaint and documents referenced therein and attached thereto, in the light most favorable to the Plaintiff. *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000);  *PBGC v. White*, 998 F.2d 1192, 1196 (3d Cir.1993).  In reviewing a factual attack, the Court may consider evidence outside the pleadings. *Id.* (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir.1997)). However, "when a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the Court has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *See, Mortensen*, 549 F.2d at 891. "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*  "The [trial] [c]ourt must be careful, however, not to

allow its consideration of jurisdiction to spill over into a determination of the merits of the case, and thus must tread lightly in its consideration of the facts concerning jurisdiction." *Dugan v. Coastal Indus., Inc.*, 96 F. Supp. 2d 481, 483 (E.D. Pa. 2000).

"[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen*, 549 F.2d at 891. The Plaintiff must not only demonstrate that a controversy existed at the time it filed suit, but that it continues to exist throughout the litigation. *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 635 (Fed. Cir. 1991), *abrogated on other grounds by*, *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1370 (Fed. Cir. 2004). A motion to dismiss for lack of subject matter jurisdiction predicated on the legal insufficiency of a claim "is proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir.), *cert. denied*, 501 U.S. 1222 (1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). Fed.R.Civ.P. 12(b)(6) permits a court to dismiss a complaint "for failure to state a claim upon which relief can be granted." Claims will be dismissed under Rule 12(b)(6) only if "appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

As stated above, Plaintiff levies a plethora of claims against the CIA, former-Director of Central Intelligence Goss, and several individual defendants. The counts can be categorized as tort claims, constitutional violations, and lastly equitable relief.

IV.

Counts VIII through XVIII of Plaintiff's Complaint allege torts, including false imprisonment, conversion, defamation, assault, battery, invasion of privacy, infliction of emotional distress and fraud. The Federal Tort Claims Act ("FTCA") established a limited waiver of the

Federal Government's sovereign immunity from suit. *See*, 28 U.S.C. §§ 2671-2680; *see also*, *Loughney v. United States*, 839 F.2d 186, 187 (3d Cir. 1988). However, in order to a commence an action against the Federal government, an injured person must comply with the applicable terms and the conditions prescribed by Congress in the FTCA. *Honda v. Clark*, 386 U.S. 484 (1967). Congress has required an injured party to present his claim to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). A claim 'accrues' when the injured party knows both the existence and cause of his injury. *United States v. Kubrick*, 444 U.S. 111 (1979).

Under the FTCA, a claim against the United States is barred unless it is presented to the appropriate federal agency "within two years after such claim accrues." *Miller v. Philadelphia Geriatric Center*, 463 F.3d 266, 270 (3d Cir. 2006); 28 U.S.C. § 2401(b). Additionally, once the claim has been presented to the appropriate Federal agency, a civil action must be commenced within six months of the denial of an administrative claim. 28 U.S.C. § 2401(b). Similarly, 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted upon a claim against the United States" for damages caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing..." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003). "In light of the clear, mandatory language of the statute, and the strict construction of the limited waiver of sovereign immunity by the United States, [the Third Circuit has] held that the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." *Id.* (*citing Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir.1989)).

On or about January 17, 2003, Plaintiff filed a notice of claim with the CIA, the Federal

Bureau of Investigation ("FBI") and the Defense Intelligence Agency ("DIA") in accordance with the FTCA requirements. Plaintiff's claim alleged intentional infliction of emotional distress, interference with business opportunities, invasion of privacy, violations of rights under Title VII and fraud. Plaintiff must comply with the heightened pleading requirements of Fed.R.Civ.P. 9(b) in order to allege fraud. This prerequisite is not met. On May 20, 2003, the CIA Office of General Counsel denied Plaintiff's claims on behalf of the CIA, the FBI and the DIA. The denial letter advised Plaintiff that he had a right to file suit "not later than six months after the date of the mailing of" said notification. Thus, Plaintiff had until approximately November 20, 2003 to commence any tort action against the government defendants for those torts he raised in the notice of claim. Inexplicably, Plaintiff did not commence this action until March 3, 2006. Accordingly, these claims are dismissed for failure to timely file the Complaint.

Moreover, torts were raised in the Complaint, which were not alleged in Plaintiff's notice to the government. For the first time in the Complaint, Plaintiff alleges tort claims for battery, assault, malicious prosecution, abuse of power, false imprisonment/false arrest, and conversion. These must be dismissed as Plaintiff failed to file any notice of claim with the CIA, or any federal agency, pursuant to 28 U.S.C. § 2675(a). Thus, all of Plaintiff's tort claims are jurisdictionally defective and must be dismissed[1].

V.

Plaintiff alleges in Counts I-VII that the CIA abridged his constitutional rights in violation

---

[1] In addition to Plaintiff's failure to commence this action and give adequate notice of his claims, defendants argue that Plaintiff failed to name a proper party defendant. 28 U.S.C. § 2679. This statute precludes such a suit against a Federal agency, as distinguished from the United States. *Giwah v. Passaic County Jail*, 2006 WL 2023187, *2 (D.N.J. Jul 13, 2006) (citing *Morano v. United States Naval Hospital*, 437 F.2d 1009, 1010 (3d Cir. 1971) (the United States Naval Hospital was not a suable party)).

of 42 U.S.C. § 1981, 1982, 1983, 1985, 1986. To establish a viable § 1983 claim, a Plaintiff must demonstrate, among other things, that "the conduct complained of was committed by a person acting under color of state law." *Kost v. Kozakewicz*, 1 F.3d 176, 184 (3d Cir. 1993). Because § 1983 provides a remedy for violations of federal law by "persons" acting pursuant to state law, federal agencies are facially exempt from § 1983 liability. The Third Circuit has repeatedly opined that "[t]he United States and other governmental entities are not 'persons' within the meaning of Section 1983." *Id.*(quoting *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir.1970). In light of same, Plaintiff fails to state a viable claim under § 1983 against the CIA.

Moreover, the remaining constitutional and *Bivens* counts must be dismissed as to CIA for a lack of subject matter jurisdiction. It is well-settled that the federal government and federal agencies are immune from suit absent a waiver of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). *Kabakjian v. United States*, 267 F.3d 208, 211 (3rd Cir. 2001) The doctrine of sovereign immunity bars direct constitutional actions against federal agencies as well as constitutional tort actions against federal agencies. *Biase v. Kaplan*, 852 F.Supp. 268, 279 (D.N.J.1991); *see Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) "It has, in fact been consistently held that neither section 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States or a Federal Agency." *Biase*, 852 F.Supp.at 280. The decisions in *Bivens*, and *FDIC*, make clear that a constitutional tort action for damages cannot lie directly against a Federal agency. *Bivens*, 403 U.S. at 410. *FDIC*, 510 U.S.at 484. Plaintiff does not refute that he is suing the CIA and fails to allege that sovereign immunity was waived. (Pl. Opp. Br.at 12) Consequently, the remaining constitutional and *Bivens* claims are dismissed as against the CIA.

Unlike federal agencies, it is a well-established principle, that federal officials are subject to

§ 1983 liability when sued in their official capacity where they have acted under color of state law. The Court has thoroughly reviewed the Complaint. There is neither an allegation that Goss acted under state law or conspired with state officials, nor any specific wrongdoing alleged against Goss. Suffice it to say, the doctrine of *respondeat superior* is inapplicable. Absent any allegations of specific wrongdoing by Goss the complaint can not stand[2]. *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976); *Fagan v. City of Vineland*, 22 F.3d 1283, 1291 (3d Cir. 1994), *see also*, *Balter v. United States*, 172 Fed. Appx. 401, 403 (3d Cir. 2006).

The remaining constitutional and *Bivens* claims against Goss in his official capacity must fail for a lack of subject matter jurisdiction. A suit filed against a Federal officer in his or her official capacity is actually a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself."); *FDIC*, 510 U.S. at 475; *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (1994) Plaintiff states that he brought suit against Goss in his official capacity. This conclusion is also supported by the fact that the Complaint lacks any specific action attributable to Goss. "Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are barred by the doctrine of sovereign immunity, unless such sovereign immunity is waived."*Robinson*, 21 F.3d at 510 *citing FDIC*, 510 U.S. at 475. Plaintiff cites no authority and this Court has located no such authority, to suggest that the United States has waived its sovereign immunity for these claims. Consequently, the constitutional and *Bivens* claims Plaintiff asserted

---

[2] The Court also notes it may lack personal jurisdiction over Goss in his individual capacity. *Stafford v. Briggs*, 444 U.S. 527, 544 (1980); *Hollis-Arrington v. PHH Mortg. Corp.*, Slip Copy, 2006 WL 3078935, at *2 (3d Cir. Oct. 31,2006).

against Goss in his official capacity are barred by sovereign immunity.

The constitutional claims against Goss must also be dismissed in large part due to applicable statute of limitations. *Bivens v. Six Unknown Agents, etc.*, 403 U.S. 388, 91 S.Ct.1999, 29 L.Ed.2d 619 (1971) (Compl. IV & VII) While the Supreme Court did not address a statute of limitations for a *Bivens* cause of action, the Third Circuit has held that "[b]ecause Congress has not established a federal statute of limitations for *Bivens* actions, [the district court] must look to the analogous state statute of limitations."   The Third Circuit has held that the same statute of limitations applies to § 1983 and *Bivens* claims. See <u>Mishra v. Fox</u>, No. 06-1211, 2006 WL 2493135, at *1 (3d Cir.2006) *citing Napier v. Thirty or More Unidentified Federal Agents*, 855 F.2d 1080, 1088 (3d Cir.1988); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir.1990); *King v. Unknown Fed. Corr. Officer,* 201 F.3d 910, 913 (7th Cir. 2000) The Supreme Court has held that statute of limitations for any §1983 claim "is the state statute which limits actions for personal injuries. " *citing Wilson v. Garcia*, 471 U.S. 261, 280 (1985) The statute of limitations for a *Bivens* action, is determined by the statute of limitations for a personal injury action in the state where the incident forming the basis of the Complaint occurred. *Howard v. Mendez*, 304 F.Supp.2d 632, 635 (M.D.Pa. 2004) *citing Napier*, 855 F.2d at 1087 n. 3.

Here, the incidents forming the basis of Plaintiff's Complaint took place within the state of Virginia.  (Compl. ¶¶1-110) With various incidents occurring between December 2002 to April 2005. Virginia has a two-year statute of limitations period for personal injury actions. Va.Code Ann. § 8.01-243(a). New Jersey has two-year statute of limitations period on personal injury actions. N.J.S.A. §2A:14-2. This two-year limitation is  applicable to the *Bivens* claims. *Cito v. Bridgewater Township Police Dept*., 892 F.2d 23, 25 (3d Cir.1989) Plaintiff commenced this action in March 2006. (Compl.) No matter which state law is applied to this case,  Plaintiff's factual allegations that

predate March 2004 are dismissed as barred by the applicable statute of limitations.

Plaintiff alleges only two incidents that occurred after March 2004, they are the seizure of a laptop in July 2004 and the attempted seduction of Plaintiff in April 2005 (Compl. §§108, 109) In order to state a claim under *Bivens,* a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *Mahoney v. Nat'l Org. For Women*, 681 F.Supp. 129, 132 (D.Conn.1987) *citing Flagg Brothers, Inc., v. Brooks*, 436 U.S. 149, 155-56 (1978). Plaintiff fails to assert any specific activity on the part of Goss to personally and knowingly violate any constitutional right. Mindful that the Court must review the papers in a light most favorable to Plaintiff, the Court dismisses these counts pursuant to Fed.R.Civ.P. 8(a) because the counts are vague, ambiguous, and insufficient to state claims for relief. Consequently, the *Bivens* claims are barred.

VI.

The motion for summary judgment relates only to the CIA and Goss. This is based upon Defendant's argument that there is no record of an Agent Close, or Eager working for the CIA. According to the Docket there has been no answer interposed on behalf of these defendants. Defendants further argue that Defendant Wanda Mitchell was not properly served in accordance with Fed. R.Civ.P. 4(I). Docket sheet entry #21 indicates that Wanda Mitchell did answer and moved to defend on a pro se status.

Pursuant to Fed.R.Civ.P 12(b)(6) and taking the allegations in the light most favorable to the Plaintiff, we assume that Defendants Mitchell, Close and Eager do work for the CIA. Plaintiff did not specifically state whether the claims against Mitchell, Close and Eager were in their official

capacities. If so, the same analysis set forth above regarding the constitutional and *Bivens* claims against the CIA and Goss in his official capacity would apply and the claims against them would be barred by sovereign immunity. If the claims against them are in an individual capacity they are time barred by the applicable statute of limitations, discussed *supra*. The July 2004 and April 2005 incidents do not specifically allege any action taken on the part of either Mitchell, Close or Eager (Compl. ¶108, 109). Plaintiff fails to assert any specific activity on the part of either Mitchell, Close or Eager, for either of these incidents, to personally and knowingly violate any constitutional right, to say nothing of a clearly established constitutional right. As such any *Bivens* claims against Mitchell, Close and Eager not barred by the applicable statute of limitations are dismissed pursuant to Fed.R.Civ.P. 8(a) because the counts are vague, ambiguous, and insufficient to state a claim for relief.

VII.

Plaintiff seeks injunctive relief in Count XIX of his Complaint. Specifically, Plaintiff seeks to enjoin defendants from "interfering with this litigation except through counsel, or further interfering with or retaliating against Plaintiff for seeking to vindicate his rights in this litigation." "[T]he grant of injunctive relief is an extraordinary remedy....which should be granted only in limited circumstances." *Frank's GMC Truck Center, Inc. v. General Motors Corp.,* 847 F.2d 100, 102 (3d Cir.1988). In this case Plaintiff allegations do not meet this standard. *See Opticians Ass'n. v. Independent Opticians*, 920 F.2d 187, 191-92 (3d Cir.1990). *See Barnes v. American Tobacco Co.*, 989 F.Supp. 661, 667 (E.D.Pa.1997). *In Re Arthur Treacher's Franchise Litigation,* 689 F.2d 1137, 1143 (3d Cir. 1982).

VIII.

In Count XX of the Complaint, Plaintiff seeks a writ of mandamus directing defendants to disclose specific documents as well as pay costs and fees.  A writ of mandamus is issued "in exceptional cases where the traditional basis for jurisdiction do not apply." *In re Pressman-Gutman Co., Inc.*, 459 F.3d 383, 398 (3d Cir. 2006) (quoting *In re Pasquariello*, 16 F.3d 525, 528 (3d Cir.1994)).  It is a disfavored remedy.  *In re Sch. Asbestos Litig.*, 977 F.2d 764, 772 (3d Cir.1992)).  In this case, Plaintiff does not demonstrate that the ordinary means of obtaining records has been exhausted.

Plaintiff filed a FOIA request on or about January 29, 2003.  The request was denied on May 26, 2004. The letter outlined the FOIA appellate procedure.  To date Plaintiff has failed to follow the FOIA appeals process. The relief sought is unwarranted.  Further, Plaintiff's motion for leave to file an amended complaint is hereby denied for the reasons stated above pursuant to Fed.R.Civ.P. 8(a) as the counts are vague, ambiguous, and insufficient to state a claim for relief.

In light of the foregoing, the Complaint is dismissed with prejudice and without costs.


January 30, 2007                                        S/ *Peter G. Sheridan*
                                                          PETER G. SHERIDAN, U.S.D.J.